IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTE A. INGRAM, #550-827, *

  Plaintiff, *

    v. *  Civil Action No. WDQ-11-1841

MAJD ARNAOUT, *et al.*, *

  Defendants. *

* * * * * * * * * * * * *

MEMORANDUM OPINION

Monte Ingram, an inmate at North Branch Correctional Institution, sued Dr. Majd Arnaout and nurse Steven Bray (the "Defendants") under 42 U.S.C. § 1983 for denial of medical care.[1] For the following reasons, the Court will grant the Defendants' motion for summary judgment.[2]

---

[1] Ingram also sued Warden Bobby P. Shearin, but the Court will dismiss the suit against him. Prisoners do not enjoy a constitutional right to be housed in a particular institution or portion of an institution, or at a particular custody level, *see Olim v. Wakinekona*, 461 U.S. 238, 244-48, (1983), and Ingram raises no other claims against Shearin.

[2] The Defendants filed a response with supporting verified exhibits, which shall be treated as a motion for summary judgment.  ECF No. 13.

I. Background[3]

Ingram has an inguinal hernia.  ECF. 10 at 3.  On July 1,
2011, he filed this claim, alleging that his condition is
worsening and defendants have denied him adequate medical
treatment.

On September 28, 2011, the Court construed his complaint as
a motion for emergency injunctive relief and ordered counsel to
provide an emergency show cause response.  ECF No. 6.  On
October 24, 2011, the Defendants responded and attached Ingram's
medical records from January 1, 2011, through October 11, 2011.
ECF No. 10.

The medical records show that Ingram has received
conservative medical care for his hernia condition.  On March
29, 2011, he was examined by Dr. Oyogoa at Bon Secours Health
Systems.  Dr. Oyogoa diagnosed Ingram with a sliding,
nonreducible left inguinal hernia and recommended repairing the
hernia with surgical mesh.  Ex. A. p. 24-25.  A separate review,
however, concluded that surgery was unnecessary.[4]

---

[3] For the Defendants' motion for summary judgment, Ingram's
evidence "is to be believed, and all justifiable inferences are
to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 255 (1986).

[4] Wexford, Inc., the state utilization review contractor,
performed the review.  Wexford is unaffiliated with the medical
services contractor at North Branch Correctional Institution.
Ingram has not named Wexford as a defendant in this action.

2

On August 13, 2011, Dr. Ottey examined Ingram and observed that the hernia was not reducible and Ingram was in no visible distress. Ingram reported no change in size, and that he was in pain.  Dr. Ottey ordered a hernia belt for support.

On September 1, 2011, Ingram submitted a sick call slip, complaining that he was barely able to walk due to pain. On September 3, 2011, Nurse Opel examined Ingram and referred him for an examination.

On September 6, 2011, prison staff reported to Greg Flury, a physician's assistant, that Ingram walked without apparent distress.  Flury also noted Ingram's non-compliance with the hernia belt.  Ingram was seen by medical providers on September 21 and 23, 2011, and October 7 and 11, 2011.  Ingram reportedly refused to report for certain medical appointments.

On October 27, 2011, Ingram opposed the Defendants' motion for summary judgment. ECF No. 15.  On November 10, 2011, the Defendants filed their reply.  ECF No. 16.

II. Analysis

  A. Standard of Review

Under Rule 56(a), summary judgment "shall [be] grant[ed] ... if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  In considering the motion, "the judge's function is not ... to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Center., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but it also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir.2003) (citation and internal quotation marks omitted).

B. Denial of Medical Care

Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights.   42 U.S.C. § 1983.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   To state a constitutional claim for denial of medical care, a plaintiff must demonstrate that a defendant's acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See id.* at 106.   The medical treatment

4

provided must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

Mere negligence or malpractice does not rise to a constitutional level. *See Miltier v. Born,* 896 F.2d 848 (1990). "[T]he [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan,* 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998). An inmate's disagreement with medical providers about the proper course of treatment does not support an Eighth Amendment cause of action.[5]

Ingram asserts that he is entitled to an X-ray for his hernia and surgery. But his disagreement with prison medical providers about the proper course of medical treatment does not amount to constitutionally inadequate medical care. *See, e.g., Wright,* 766 F.2d at 849. The record is clear that Ingram's complaints about his hernia have been evaluated and addressed.

---

[5] *See Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones,* 554 F.2d 1285, 1286 (4th Cir. 1977); *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).

He fails to show that the Defendants have acted with deliberate indifference to his serious medical needs.

Ingram has not shown the likelihood of irreparable injury absent the award of emergency injunctive relief.[6]  Viewing the evidence in the light most favorable to Ingram, there is no genuine dispute as to issues of material fact, and the Defendants are entitled to judgment as a matter of law.

III. Conclusion

For the reasons stated above, summary judgment will be granted for the Defendants.

_____
Date  11/30/11

_____
William D. Quarles, Jr.
United States District Judge

---

[6] *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).